**STATE of Tennessee, Appellee,**

v.

**Thomas CAFFEY, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Nov. 20, 1986.

Permission to Appeal Denied by Supreme Court March 9, 1987.

William L. Shulman, Senior Asst. Public Defender, Carlton M. Lewis, Office of Public Defender, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Albert L. Partee, III, Asst. Atty. Gen., Mark Beveridge, Asst. Dist. Atty. Gen., Nashville, Tennessee, Thomas Thurman, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

BYERS, Judge.

A jury convicted the defendant, Thomas Caffey, on two counts of armed robbery and one count of felonious use of an automobile. The trial judge imposed two life sentences and a four-year term. All sentences are to be served consecutively to each other and to an unserved sentence in another state.

On appeal, the defendant says he should have been granted a writ of habeas corpus because of violations of the Interstate Compact on Detainers; he also says that evidence of an uncounselled lineup should have been suppressed and that prejudicial hearsay was admitted; finally, he contends the court improperly excused a juror who received extraneous information during the trial.

The judgments are affirmed.

■ The defendant first attacks the conduct of Oklahoma officials who surrendered custody of him for return to Tennessee. This matter forms a separate case and is not properly before us as part of the appeal from the judgment of conviction. *Houston v. State*, 567 S.W.2d 485 (Tenn.Cr. App.1978). The action of Oklahoma officials in extradition matters is not cognizable in this state. *Cuyler v. Adams*, 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981), is not to the contrary. In that case, the petitioner brought an action in Pennsyl-

vania, the custodial state, to prevent his involuntary transfer to New Jersey for trial.

In his second issue, the defendant relies on the rule that an accused has a constitutional right to counsel at a post-arrest, corporeal lineup, that when counsel is denied no evidence about the lineup may be admitted at trial, and finally, that no witness who viewed the illegal lineup may make an in-court identification unless the court first determines the identification is not tainted by the illegal lineup. *See State v. Mitchell,* 593 S.W.2d 280 (Tenn.1980).

In the trial court the defendant's due process claim that the lineup procedure was, in fact, unfairly suggestive was overwhelmingly refuted. He has not pursued this separate issue on appeal.

In this case counsel was not provided at the lineup and no jury-out hearing of the witnesses was conducted.

At a pre-trial hearing, a Metro officer testified that he investigated the reported armed robbery of a Nashville jewelry store on September 22, 1983. Witnesses gave compatible descriptions of the two perpetrators and reported that the men took a large quantity of merchandise from the owner and a service revolver from the store's security guard.

Meanwhile, Ohio officers were conducting an independent surveillance of a motel room in Sharonville, Ohio. They had received information about an anticipated drug deal that would involve jewelry. They had also been informed that Thomas Caffey, the defendant in this case, would be involved and they had in hand a fugitive warrant issued in Oklahoma against him. On the night of September 22–23, the surveillance culminated in the arrest of the defendant and others in the motel room, wherein was found cocaine, a large quantity of jewelry, and a service revolver. Shortly, a description of these items was sent out in a nationwide bulletin.

Metro officers received the bulletin, determined the items resembled those taken in the robbery, and on September 24 transported four witnesses to Ohio to view a lineup. Each witness identified Caffey as one of the robbers. A photographic and tape recorded record of the procedure was preserved and introduced at the suppression hearing. The officer's account of the procedure was corroborated by the witnesses at trial.

It is undisputed that Caffey requested an attorney and despite efforts to contact a public defender the lineup was conducted without counsel. It is also established that the defendant was arrested on a fugitive warrant. While he may have been charged on unspecified Ohio offenses, no charge had been lodged against him in Tennessee.

On these facts, we find no illegality in the lineup. The constitutional right of an accused to the assistance of counsel is triggered when the state initiates adversary judicial proceedings against him. In *Mitchell* our Supreme Court held this point is marked by the issuance of an arrest warrant, or when no warrant has issued, by a preliminary hearing, indictment, or presentment. A warrantless arrest does not trigger the guarantee. 593 S.W.2d at 286 and n. 4.

■ The record shows that as to the charges in this case the lineup occurred before the case reached the accusatory stage. His right to counsel had not been activated by any of those proceedings mentioned in *Mitchell.* This result is not affected by his request for counsel, *see Moran v. Burbine,* 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986), or by any rights he may have had with respect to unrelated charges in Oklahoma or Ohio, *see id; Maine v. Moulton,* 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1986).

Since the defendant demonstrated no illegality in the lineup, it follows that no jury-out examination of the witnesses was required.

In a third issue the defendant asserts a right to examine and retain a juror who has been exposed to extraneous information during the trial.

■ The issue arose when a juror overheard an officer say the defendant was serving a lengthy sentence in a prison out-

side Tennessee. The court examined the juror on the matter, determined the information was prejudicial and inadmissible at trial, and then excused the juror and seated an alternate. The defendant was denied an opportunity to rehabilitate the juror.

The defendant says the record must establish the juror's inability to be fair, as well as exposure to extraneous information. He relies in particular on the rule governing challenges for cause during jury selection:

> *If the trial judge, after examination of any juror, is of the opinion that grounds for challenge for cause are present, he shall excuse that juror from the trial of the case.* After the trial judge has tentatively determined that the jury meets the prescribed qualifications, adversary counsel may conduct further examination and challenges for cause may be exercised alternately by counsel for the respective parties. Any party may challenge a prospective juror for cause if:
>
> (1) there exists any ground for challenge for cause provided by law;
>
> (2) the prospective juror's exposure to potentially prejudicial information makes him unacceptable as a juror. Both the degree of exposure and the prospective juror's testimony as to his state of mind shall be considered in determining acceptability. A prospective juror who states that he will be unable to overcome his preconceptions shall be subject to challenge for cause no matter how slight his exposure. *If he has seen or heard and if he remembers information that will be developed in the course of trial, or that may be inadmissible but is not so prejudicial as to create a substantial risk that his judgment will be affected, his acceptability shall depend on whether his testimony as to impartiality is believed.* If he admits to having formed an opinion, he shall be subject to challenge for cause unless the examination shows unequivocally that he can be impartial.

Tenn.R.Crim.P. 24(b) (emphasis added).

To the extent the rule applies to mid-trial challenges, the first sentence requires 1) judicial examination of the juror on his exposure to extraneous information; and 2) excusal of the juror upon the court's good faith belief that a challenge for cause is supported. *See State v. Max,* 714 S.W.2d 289 (Tenn.Cr.App.1986). The last paragraph directs that the juror's acceptability depends on his ability to be impartial when his exposure is to matters *"not so prejudicial as to create a substantial risk that his judgment will be affected."*

Thus, the standard the defendant asserts does not apply when the information *is* so prejudicial that it will affect a juror's judgment. It goes without saying that evidence of a defendant's criminal history is thought to be so prejudicial that it is admissible only under very limited circumstances.

There was no error in the court's action. Having determined the information was extremely prejudicial and not freely admissible at trial, the court had a positive obligation to excuse the juror without further inquiry.

Finally, the defendant complains that incriminating hearsay was improperly admitted. At trial, Ohio officers described the circumstances of Caffey's arrest, including information they had received from third parties. In substance, the tip was that Caffey would be arriving from Tennessee with jewelry to exchange for drugs.

Over the defendant's motion in limine and objection at trial, the court ruled the evidence was hearsay, but admissible to explain the officers' presence and actions at the place of arrest. The state argues the tip is not hearsay because it was not offered to prove the truth of the matter asserted but to show what information the officers acted on.

■ As to the officers' actions, we can agree the testimony is not hearsay. The difficulty is that the officers' purpose, good faith, or reasonableness was not a material issue, while the defendant's possession of the merchandise and his recent presence in Tennessee were. *Cf. State v. Venable,* 606

S.W.2d 298 (Tenn.Cr.App.1980). As to the material issues, the statements were not subject to cross-examination and were potentially very prejudicial. *See Phipps v. State,* 4 Tenn.Cr.App. 511, 474 S.W.2d 154 (1971).

Evidence of this nature should not be admitted in a criminal trial because it infringes on the defendant's right to confront the witnesses against him.

In this case, most of the information was established by other, competent evidence; and further, numerous eyewitnesses identified the defendant as one of the perpetrators. We are able to find beyond any doubt that this error did not affect the verdicts and the convictions need not be reversed.

O'BRIEN, J., and JAMES C. BEASLEY, Special Judge, concur.