842 F.2d 1294
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 David J. SAVANTI, aka: Richard H. Mutch, Petitioner-Appellant,
v.
Richard H. RISON, Respondent-Appellee.
 No. 87-5572.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: March 10, 1988.
Decided: March 16, 1988.
 Before PREGERSON, WIGGINS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 BACKGROUND
 
 2
 On January 25, 1977, a California court sentenced David J. Savanti to state prison for violation of California Penal Code Sec. 491.6. Savanti escaped from prison on May 21, 1977. He remained at large until August 23, 1983, when a United States Marshal apprehended him on a federal charge. A federal court convicted Savanti and sentenced him to federal prison.
 
 
 3
 The California Department of Corrections ("CDC") sent three separate notices of detainer to federal authorities to secure Savanti's return to state custody at the end of his federal term. Each notice specified that Savanti was an escapee. On the second notice, dated July 10, 1984, an additional box was checked. It stated: "California Department of Corrections' prisoner released to you for the service of concurrent sentences between California and your agency/department." ER 69. The government asserts that this box was checked in error. Savanti does not dispute this assertion. Savanti contends, however, that the error estops CDC from retaking him into custody, because had his state and federal sentenced really been "concurrent," as erroneously noted on the detainer, his state term would have expired.
 
 DISCUSSION
 
 4
 We review de novo the denial of a petition for habeas corpus. Harding v. Lewis, 834 F.2d 853, 856 (9th Cir.1987). "[T]o the extent that we are required to review a magistrate's findings of fact and a district court's adoption of such findings, we apply a clearly erroneous standard." Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), cert. denied, 108 S.Ct. 198 (1987).
 
 
 5
 The issue on appeal is whether the July 10, 1984 notice of detainer estopped CDC from retaking Savanti into custody after completion of his federal sentence. Savanti did not raise this estoppel claim before the district court. Ordinarily, we will not consider a claim raised for the first time on appeal. We have discretion to do so, however, where consideration of the claim will not require the development of new facts. Anderson v. Cumming, 827 F.2d 1303, 1305 (9th Cir.1987). Because Savanti appeared pro se before the district court, and because no new facts are necessary to our resolution of this matter, we will consider his estoppel argument. See Haines v. Kerner, 404 U.S. 519, 520 (1977) (per curiam) (pro se pleadings must be construed liberally).
 
 
 6
 Normally, one may not raise equitable estoppel as a defense against the government. Johnson v. Williford, 682 F.2d 868, 871 (9th Cir.1982). Courts are particularly reluctant to allow such a defense where, as here, the government has acted in its sovereign capacity. Id.
 
 
 7
 The facts of this case do not merit a deviation from the general rule. We have declined to apply estoppel where the government mistakenly allowed a prisoner to be released before his term had expired, then rearrested and reincarcerated him nearly two and one-half years later after it had discovered its mistake. Green v. Christiansen, 732 F.2d 1397 (9th Cir.1984). We held that a "ministerial mistake [did] not necessarily excuse [the prisoner] from serving the rest of his sentence." Id. at 1399. The facts of this case are even less compelling than those in Green. Unlike the petitioner in Green, Savanti has experienced no objective change in condition as a result of the government's error.
 
 
 8
 Even if this were the type of case in which estoppel could apply, however, Savanti's claim would fail. A defense of equitable estoppel has four essential elements:
 
 
 9
 (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon or must act so that the party asserting the estoppel has a right to believe it is so intended; (3) the party asserting the estoppel must be ignorant of the facts; and (4) that party must rely on the former's conduct to his injury.
 
 
 10
 Green, 732 F.2d at 1399. The third and fourth elements are not met in this case.
 
 
 11
 The box checked on the July 10, 1984 detainer states: "California Department of Corrections' prisoner released to you for the service of concurrent sentences between California and your agency/department." As the magistrate noted, this statement pertains to a "release"--not an escape. The magistrate found that Savanti "obviously know that he had escaped from state custody and never had been 'released' into federal custody." ER 56 (emphasis in original). This finding is not clearly erroneous.
 
 
 12
 Nor has Savanti shown any detrimental reliance on CDC's mistake. Although he asserts that his hopes had been built up by the government's error, dashed expectations do not amount to detrimental reliance. This is not a case like Johnson, where the petitioner--who had been paroled by mistake--left prison, rejoined his family, started his own business, hired five employees, and received extensions of credit from local businesses. See 682 F.2d at 873. Savanti has merely remained in jail.
 
 
 13
 The clerical error on the July 10, 1984 notice of detainer does not estop CDC from retaking Savanti into state custody.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3