STATE of Tennessee, Appellee,

v.

Kenneth Wayne O'GUINN, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

Aug. 30, 1989.

Permission to Appeal Denied by Supreme Court Jan. 2, 1990.

---

244

Joe H. Byrd, Jr., Jackson, for Kenneth Wayne O'Guinn.

Charles W. Burson, Atty. Gen. and Reporter, Norma Crippen Ballard, Asst. Atty. Gen., Nashville, Roger D. Moore, Asst. Dist. Atty., Jackson, for State of Tenn.

## OPINION

REID, Judge.

This case presents an appeal as of right from the dismissal of a petition for post-conviction relief after an evidentiary hearing.

Appellant was sentenced to death upon conviction of first degree murder and life imprisonment upon conviction of aggravated rape. The judgments were affirmed by the Supreme Court in *State v. O'Guinn*, 709 S.W.2d 561 (Tenn.1986), and the United States Supreme Court denied Appellant's petition for certiorari. *O'Quinn [sic] v. Tennessee*, 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986).

The record does not support Appellant's claim that he is entitled to post-conviction relief on the grounds his confession was obtained in violation of the Fifth and Sixth Amendments to the United States Constitution.

## RIGHT AGAINST SELF–INCRIMINATION

Appellant insists that the confession was obtained in violation of his Fifth Amendment right against self-incrimination because he was interrogated by an officer after he had claimed his right to remain silent and had requested a lawyer.

This issue has been "previously determined."

While incarcerated in Alabama, the appellant was interrogated by Alabama police officers with regard to a rape, on which he had been formally charged, and an unrelated homicide on which he had not been charged, and by Tennessee police officers with regard to the homicide in this case on which he had not been charged. Prior to the date on which Appellant confessed to the Tennessee offense, an attorney had been appointed by the Alabama court to represent Appellant on the rape charge. The appellant testified that prior to talking with the Tennessee officer he had requested an attorney but was told by the Alabama officer he could not have one until "he went to court." He also testified he had talked with the Alabama attorney but only about the Alabama rape charge. Other pertinent facts found by the Supreme Court were:

The first contact [TBI] Agent Leach had with the defendant was on August 10, 1983. On that date, Agent Leach contacted defendant's Alabama appointed counsel in the Ivey case for permission to talk to the defendant. He was given permission to talk to the defendant about anything except the Alabama charges for which the attorney had been appointed to represent the defendant. At this time Agent Leach advised the defendant of his *Miranda* rights....

On August 12, the defendant sent word that he wanted to talk with [Alabama police officer] Duffey and his rights were again read to him from a *"Miranda* card,"˙ and he indicated that he understood them. During the course of his questioning on the Alabama murder, the defendant mentioned the Jackson, Tennessee incident, at which time Duffey

brought Agent Leach in to talk with the Defendant. Duffey advised Leach that he had already informed the defendant of his rights and the defendant affirmed that Duffey had read him his rights and that he was giving his statement freely and voluntarily. A tape recorded statement was made at this time ...

Both defendant and Agent Leach agreed that defendant made no request of Agent Leach for an attorney during any of Agent Leach's interrogations of him.

709 S.W.2d at 564.

Appellant acknowledged at the suppression hearing that he was advised of his right against self-incrimination and the right to counsel several times before he made the incriminating statements. His position on the motion was that because of the officer's inaccurate explanation of the *Miranda* warning the waiver was not made knowingly and voluntarily.

The trial court's refusal to suppress the confession was affirmed on appeal by the Supreme Court, which held:

> The trial court's findings contain resolutions of the factual and credibility issues against the defendant. Implicit in the trial court's findings is that investigator Duffey never misrepresented defendant's right to counsel. The trial court's denial of the motion to suppress resolves the credibility issues against the defendant. . . .
>
> Since the facts govern each case and no talismanic test exists to resolve *Miranda* issues, once the facts surrounding the giving of statements are resolved by a trial court's determination, that finding is "binding upon the appellate courts if there is any evidence to support it." *State v. Chandler,* 547 S.W.2d 918, 923 (Tenn.1977); *Monts v. State,* 218 Tenn. 31, 400 S.W.2d 722 (1966). Here the trial court made a ruling that resolved the conflicts and discrepancies in the evidence concerning defendant's statements in favor of the state and we may therefore conclude that the confessions were obtained with proper regard for defendant's *Miranda* rights, since there is substantial evidence in this record to sup-

port the ruling of the trial court. The evidence clearly does not preponderate against the trial court's findings.

709 S.W.2d at 565–66.

■ *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), renders inadmissible as evidence-in-chief incriminating statements obtained as the result of custodial interrogation prior to the accused being advised that he has the right to remain silent and the right to counsel. The Court in *Miranda* found custodial interrogation to be inherently coercive and declared the right to counsel to be a necessary procedural safeguard to protect the privilege against self-incrimination. An accused's asserted "right to cut-off questioning" must be "scrupulously honored," but may be waived. *Michigan v. Mosley,* 423 U.S. 96, 104, 96 S.Ct. 321, 326, 46 L.Ed.2d 313 (1975). When an accused invokes his right to counsel, all "interrogation must cease until an attorney is present." *Miranda,* 384 U.S. at 474, 86 S.Ct. at 1628. Repeating the *Miranda* warning and obtaining a waiver is not compliance. *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). However, the right to counsel must be claimed. *See State v. Claybrook,* 736 S.W.2d 95 (Tenn. 1987). A confession made after a request for counsel is admissible only if the accused initiates further discussion with the police and knowingly and voluntarily waives his *Miranda* rights. *Oregon v. Bradshaw,* 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983); *State v. Claybrook, supra.*

Though not specifically articulated by either the trial court or the Supreme Court, dismissal of the motion to suppress, on the finding "that the confessions were obtained with proper regard to defendant's *Miranda* rights," was based on a finding that the appellant did not request counsel and he knowingly and voluntarily waived the privilege against self-incrimination after the *Miranda* warning.

■ Since Tennessee had not commenced adversarial proceedings against Appellant when he confessed, he had no Sixth Amendment right to have counsel present

during the interrogation. *Moran v. Burbine*, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986), *Maine v. Moulton*, 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985), *State v. Caffey*, 729 S.W.2d 266 (Tenn.Crim.App.1986).

■ Appellant contends that *Arizona v. Roberson*, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988), enunciated a constitutional "right that was not recognized as existing law at the time of the trial," and constitutional law "requires retrospective application of that right." T.C.A. § 40–30–105. *Edwards v. Arizona*, held that a suspect who has "expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication...." 451 U.S. at 484–85, 101 S.Ct. at 1885. The Supreme Court held in *Roberson* that the *Edwards* rule applies to bar police-initiated interrogation in a separate investigation after counsel has been requested. The rights recognized by *Edwards,* and not restricted by *Roberson,* are not available unless the accused invokes his right to counsel. *See State v. Goforth,* 678 S.W.2d 477 (Tenn.Crim.App.1984). Since, as the Supreme Court found on direct appeal, Appellant did not invoke his right to counsel and effectively waived the right against self-incrimination, the holding in *Roberson* does not support Appellant's position that this issue was not resolved on direct appeal.

The issue regarding Appellant's Fifth Amendment privilege against self-incrimination and the right to counsel in furtherance of that privilege has been "previously determined" within the meaning of T.C.A. §§ 40–30–111, 112. *Pruett v. State,* 501 S.W.2d 807 (Tenn.1973), *McBee v. State,* 655 S.W.2d 191 (Tenn.Crim.App.1983).

## RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

■ Appellant asserts that he was denied effective assistance of counsel, in violation of the Sixth Amendment. He contends that the attorney appointed by the Alabama court in the case in which he was charged with rape gave him bad advice with regard to the Tennessee case.

This issue has been waived.

At the hearing on the petition for post-conviction relief, the appellant again testified he did not request that an attorney be appointed in the Tennessee case because he was misled by an inaccurate *Miranda* warning. He also testified, contrary to his testimony on the suppression hearing, that he had discussed with his Alabama attorney his "perceived jeopardy" in the Tennessee case. The attorney's advice of which he now complains is: "They haven't charged you with nothing, so go ahead and talk to them." Appellant testified he would not have given the Tennessee officer a statement had he known it could be used against him. None of the police officers who interrogated Appellant nor his Alabama attorney were called as witnesses. Appellant testified that Tennessee trial counsel were competent and represented him to the best of their abilities.

The claim that pre-trial counsel was ineffective was not raised on the motion to suppress the confession or on appeal. The petition contains no statement, as required by T.C.A. § 40–30–104(a)(10), why this ground was not asserted at trial and on appeal. Appellant's trial counsel contended that Appellant was not represented in the Tennessee case by the attorney appointed by the Alabama court and based his motion solely on the contention that the *Miranda* warning was not adequate.

Appellant in this post-conviction proceeding finds no fault with trial counsel. The appellant and appellant's counsel at the post-conviction hearing were complimentary of trial counsel's performance. With regard to the failure of trial counsel to claim ineffective assistance of counsel at the pre-trial interrogation, Appellant's brief states:

> It is unfortunate that the issue of the ineffective assistance of the Appellant's court appointed counsel in Alabama was not explicitly raised on direct appeal by the Appellant's Tennessee trial counsel, but there is obviously no "strategic ad-

vantage" that the Appellant has realized in failing to so [sic] so. Perhaps such failure on the part of said Tennessee counsel relates back to their argument, which originated at the suppression hearing, and which was argued through direct appeal. Such argument was to the effect that the Appellant misunderstood as to when his right to counsel was to attach, and that his resulting confessions were therefore not voluntary.

Appellant defends his trial counsel's performance:

> It is simply not reasonable to expect Tennessee trial counsel to have raised the ineffective assistance of counsel issue before trial or on direct appeal, where their theory for grounds of relief at such time was that the Appellant's statements were involuntary because he did not have counsel.

Apparently, trial counsel, with the benediction of post-conviction counsel, determined the best interest of Appellant would be served by foregoing the alternative claim that pre-trial counsel was ineffective.

The record shows that Appellant, with the advice of counsel, "knowingly and understandingly failed to present" the claim of ineffective assistance of counsel on the motion to suppress and on appeal. The issue has been "waived" within the meaning of T.C.A. §§ 40–30–111, 112. *Arthur v. State,* 483 S.W.2d 95 (Tenn.1972); *Underwood v. Livesay,* 721 S.W.2d 824 (Tenn.Crim.App.1986); *Forrest v. State,* 535 S.W.2d 166 (Tenn.Crim.App.1976).

Appellant has failed to carry the burden of showing that he is entitled to relief under the Post–Conviction Procedure Act. *Bratton v. State,* 477 S.W.2d 754 (Tenn. Crim.App.1971).

Dismissal of the post-conviction petition is affirmed and the case is remanded to the trial court for entry of an order implementing the judgment.

DUNCAN, P.J., and WADE, J., concur.