ANTHONY S. MONTELEONE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Monteleone v. Commissioner
Docket No. 12694-88
United States Tax Court
T.C. Memo 1989-504; 1989 Tax Ct. Memo LEXIS 507; 58 T.C.M. (CCH) 150; T.C.M. (RIA) 89504; September 14, 1989
Anthony S. Monteleone, pro se. Thomas M. Rohall, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Lee M. Galloway pursuant to section 7443A(b)(4) of the Internal Revenue Code of 1986 and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special *508 Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GALLOWAY, Special Trial Judge: Before the Court for disposition is respondent's Motion To Dismiss For Failure To State A Claim For Relief And For Damages Under I.R.C. § 6673, filed pursuant to Rule 40 on July 18, 1988, with respect to the 1985 tax year. Petitioner filed a notice of objection on August 15, 1988. Respondent mailed a notice of deficiency to petitioner on March 4, 1988, with respect to the 1985 tax year. Petitioner was a resident of Travis Air Force Base, California, when he filed his petition with this Court. In the notice of deficiency, respondent determined a deficiency in petitioner's Federal income tax and additions to tax in the following amounts: Additions To Tax, Secs:
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
6661(a)
1985
$ 13,997.00
$ 2,450.50
$ 699.85
[1]
$ 578.46
$ 3,499.25
*509 Respondent's determination was based on the following adjustments: (1) petitioner's failure to report on a timely filed tax return wage income received from the U.S. Air Force and Mare Island Naval Station in the respective amounts of $ 7,685 and $ 39,017; and (2) the additions to tax set forth above. Petitioner has previously filed two petitions in this Court challenging respondent's determination of the same issues before us for consideration in this proceeding, i.e., unreported wages and the same additions to tax as determined above. In docket No. 3335-85, with respect to the years 1981 and 1982, the principal adjustments to income were unreported wages and other income, dependency exemptions, and additions to tax. Respondent filed a motion for summary judgment with respect to these issues. Respondent also requested damages pursuant to section 6673. We granted respondent's motions with respect to all issues except petitioner's claim to dependency exemptions for two daughters and respondent's request for damages pursuant to section 6673. Upon trial of the case, we sustained respondent's determination that petitioner had not shown he provided over half of the support for *510 his daughters in the taxable years. We also awarded damages to respondent for petitioner's abusing the process of this Court and wasting the resources of this Court and those of respondent. See Monteleone v. Commissioner, T.C. Memo. 1986-478, affirmed without published opinion, 842 F.2d 1294 (9th Cir. 1988). Docket No. 14137-87 also concerned substantial omissions of unreported wage income by petitioner for the years 1983 and 1984, and additions to tax. Respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted and a motion for damages under section 6673. We granted respondent's motion to dismiss for failure to state a claim upon which relief can be granted and respondent's motion for damages. An order of dismissal and decision was entered against petitioner on November 11, 1987. Petitioner again appealed to the Ninth Circuit. His appeal was dismissed by that Court Nolle Pros. on December 1, 1988. No useful purpose would be served in extended discussion of petitioner's contentions contained in his present petition to this Court under consideration with respect to the 1985 year. Cf. Masters v. Commissioner, T.C. Memo. 1989-212, *511 on appeal (9th Cir., August 2, 1989). The allegations in the petition are the same "protester-type" arguments previously made by petitioner in prior proceedings before us. Such contentions have been consistently rejected by this and other Courts. See Knighten v. Commissioner, 702 F.2d 59, 60-61 (5th Cir. 1983); McCoy v. Commissioner, 696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982). Rule 34(b)(4) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency and additions to tax in dispute. Rule 34(b)(5) provides that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. No justiciable error has been alleged in the petition filed by petitioner. Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Generally, we may dismiss a petition for failure to state *512 a claim upon respondent's motion when it appears beyond doubt that the taxpayer can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). The determinations made by respondent in his notice of deficiency are presumed correct. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). In addition, any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980). Since petitioner has not raised any justiciable facts or issues in his petition, respondent's motion to dismiss will be granted. See Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958). With respect to respondent's motion for an award of damages, section 6673 provides, in part: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in *513 such proceeding is frivolous or groundless, * * * damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. * * * We find that the petition in this case is frivolous and groundless and was filed primarily for delay. Accordingly, we will grant respondent's motion and award damages to the United States in the amount of $ 5,000. Coulter v. Commissioner, 82 T.C. 580 (1984); Abrams v. Commissioner, 82 T.C. 403 (1984). An appropriate order and decision will be entered. Footnotes
1. All subsequent section numbers refer to the Internal Revenue Code in effect for the taxable year in issue. All rule numbers refer to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations.↩