981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary Scott ANDERSON, Petitioner-Appellant,
v.
STATE OF OREGON, et. al., Respondents-Appellees.
 No. 92-35178.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 28, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Scott Anderson, an Oregon state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 Jurisdiction
 
 3
 Respondent contends that this court lacks jurisdiction to consider Anderson's appeal because he did not timely file his motion to amend the judgment in the district court pursuant to Fed.R.Civ.P. 59. Respondent's assertion is incorrect.
 
 
 4
 Pursuant to Fed.R.App.P. 4(a), a petitioner must file a notice of appeal within thirty days of entry of the judgment of the district court. However, the timely filing of a motion to amend the judgment, pursuant to Fed.R.Civ.P. 59(e) tolls the time within which the appeal must be filed. See Fed.R.App.P. 4(a)(4)(iii). A motion to amend the judgment is timely if it is filed within ten days after entry of judgment. See Fed.R.Civ.P. 59(e). This time frame does not include weekends or holidays. See Fed.R.Civ.P. 6(a).
 
 
 5
 The district court entered its judgment in Anderson's case on August 5, 1991. Anderson filed his Rule 59 motion on August 16, 1991, eleven days after the entry of judgment, but less than ten days excluding weekends. The district court entered its order denying Anderson's Rule 59 motion on September 30, 1991. Anderson filed his notice of appeal on October 11, 1991, well within the thirty day limit prescribed by Fed.R.App.P. 4(a). Because Anderson's Rule 59 motion and notice of appeal were timely filed, this court has jurisdiction to consider his appeal.
 
 Sentence
 
 6
 Anderson contends that he should receive credit towards his state sentence for the time he has served for his federal sentence. This claim lacks merit.
 
 
 7
 A prisoner is entitled to credit towards his sentence only when it is interrupted through no fault of the prisoner. Green v. Christiansen, 732 F.2d 1397, 1400 (9th Cir.1984). Anderson's state sentence, however, was interrupted so that he could serve his federal sentence. Moreover, the state trial court ordered that his state sentence should run consecutive to his federal sentence. Anderson's state sentence was interrupted by his own fault, namely his conviction for a federal crime. Therefore, his claim lacks merit.
 
 Due Process
 
 8
 Anderson's other contention is that his hearing before the Oregon Parole Board violated his right to due process. His claim is procedurally barred.
 
 
 9
 A claim that is clearly procedurally barred under state law is exhausted for habeas review despite a petitioner's failure to avail himself of all state court remedies. Castille v. Peoples, 489 U.S. 346, 351 (1989); Engle v. Isaac, 456 U.S. 107, 128-29 (1982). In order for a court to consider the merits of a claim that is procedurally defaulted, a petitioner must demonstrate cause for failing to present a claim in state court and prejudice from this failure. Murray v. Carrier, 477 U.S. 478, 487 (1986).
 
 
 10
 Anderson had the right to appeal the Board hearing within sixty days of the Board's decision, which he failed to do. See Or.Rev.Stat. § 144.335. His claim is therefore procedurally defaulted. See Castille, 489 U.S. at 351. Anderson has not demonstrated cause and prejudice for his failure to appeal the Board's hearing. See Carrier, 477 U.S. at 487. Therefore, Anderson's claim is barred from consideration upon the merits.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3