IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 16, 2000 Session

**THOMAS H. CAFFEY v. KEVIN MYERS, WARDEN**

**Appeal from the Criminal Court for Wayne County**
**No. 12156     Jim T. Hamilton, Judge**

---

**No. M2000-00200-CCA-R3-PC - Filed October 27, 2000**

---

Petitioner challenges the trial court's summary dismissal of his petition for writ of habeas corpus. Petitioner was convicted in Davidson County in 1985 of two counts of armed robbery and felonious use of a motor vehicle. He was sentenced to two terms of life imprisonment and an additional four years, to be served consecutively to one another and consecutively to a prior Oklahoma sentence. Petitioner does not challenge the legality of the convictions underlying his current sentences, but rather asserts that equitable estoppel and a due process violation mandate that he not be required to serve his Tennessee sentences. Upon our review of the record, we affirm the dismissal of the petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

L. TERRY LAFFERTY, SR. J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

Thomas H. Caffey, Clifton, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; and Elizabeth T. Ryan, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner challenges the trial court's dismissal of his petition for writ of habeas corpus. Petitioner was convicted in 1985 in Davidson County of two counts of armed robbery and the felonious use of a motor vehicle. He was sentenced to two terms of life imprisonment and an additional four years, to be served consecutively to each other and consecutively to a prior Oklahoma sentence. The petitioner does not contest the validity of his convictions, but rather argues that Tennessee's delay in extraditing him to serve his sentences mandates that he not be required to serve his Tennessee sentences. We affirm the dismissal of the petition.

## PROCEDURAL BACKGROUND

Since the trial court summarily dismissed the petition, the record consists of pleadings in the technical record. From those pleadings it appears that in 1980, the petitioner was convicted and sentenced to eighty years in the State of Oklahoma. In 1983, he escaped from an Oklahoma penitentiary and committed various felonies in Tennessee. Petitioner was subsequently apprehended in Ohio, and eventually transferred back to Oklahoma.

Tennessee then filed the appropriate paperwork, pursuant to the Interstate Compact on Detainers Act, to transfer the petitioner to Tennessee for trial. *See* Tenn. Code Ann. § 40-31-101 *et seq*. However, the petitioner refused to sign a waiver allowing for his transfer to Tennessee. Moreover, it appears petitioner was not provided counsel and was denied a pre-transfer hearing in the State of Oklahoma. Regardless, in May 1985, the petitioner was transferred to Tennessee for disposition of his charges here.

After his transfer to Tennessee, he unsuccessfully sought habeas corpus relief here, alleging detainer violations by the State of Oklahoma. On August 8, 1985, a Davidson County jury found him guilty on two counts of armed robbery and the felonious use of a motor vehicle. He was sentenced to two terms of life imprisonment and an additional four years, to be served consecutively to one another and consecutively to petitioner's Oklahoma sentence. Petitioner was then returned to Oklahoma to serve the remainder of his eighty-year Oklahoma sentence, and Tennessee authorities lodged an "exit" detainer against him in the event of his release from custody in Oklahoma.

Petitioner appealed his Tennessee convictions and the denial of habeas corpus relief. This court found his allegations to be without merit and affirmed his convictions. *See* State v. Caffey, 729 S.W.2d 266 (Tenn. Crim. App. 1986).

In 1990, while the petitioner was still incarcerated in Oklahoma, the petitioner filed a writ of habeas corpus in Cleveland County, Oklahoma. Following a hearing on the petition, the Oklahoma trial court by order entered January 9, 1991, dissolved the Tennessee "exit" detainer, finding the petitioner had improperly been denied counsel and a pre-transfer hearing in Oklahoma prior to his 1985 transfer to Tennessee. In 1993, the petitioner was paroled from his Oklahoma convictions and released from prison.

The pleadings, including findings by the Oklahoma courts, indicate that upon his release from parole, petitioner lived an exemplary life. He formed his own business, graduated *summa cum laude* from the University of Central Oklahoma, married, and had a child.

In March 1997, approximately four years after his release in Oklahoma, petitioner was arrested on a Governor's warrant, requested by the State of Tennessee, and detained in the Oklahoma County jail. Thereafter, petitioner filed an application for writ of habeas corpus in the State of Oklahoma. The Oklahoma trial court found that, under the provisions of the Uniform Criminal Extradition Act, petitioner was a "fugitive." Thus, the court dismissed the petition. The Oklahoma

Court of Criminal Appeals affirmed the trial court's denial of relief and held the petitioner failed to establish his confinement was unlawful or that he was entitled to immediate relief. *In Re*: The Habeas Corpus of Thomas Caffey v. State of Oklahoma, No. H97-04164 (Ok. Crim. App. filed July 2, 1997).

Thereafter, pursuant to Tenn. Code Ann. § 29-21-101 *et seq*, petitioner filed a writ of habeas corpus in the Circuit Court for Wayne County, Tennessee, the county of his incarceration. After review of the petition and the state's motion to dismiss, the trial court summarily dismissed the petition. This appeal followed.

## ANALYSIS

Petitioner essentially claims the 1991 Oklahoma order dissolving Tennessee's "exit" detainer voided his Tennessee sentences. Petitioner further contends his present restraint by Tennessee is illegal because his due process rights were violated as a result of Tennessee's delay in acquiring custody, and equitable estoppel mandates that he not be required to serve his Tennessee sentences. Moreover, he contends the Wayne County Circuit Court erred by dismissing his petition without a hearing.

### A. Effect of the Oklahoma Order

Petitioner misapprehends the effect of the 1991 Oklahoma order. The order by its express language merely ordered the Oklahoma Department of Correction "to immediately dissolve said detainer" placed on the petitioner. Therefore, Oklahoma was relieved of its duties under the Interstate Compact on Detainers Act. However, the order in no way voided the Tennessee convictions and sentences.

Once an accused is in this state, absent conduct that shocks the conscience, the accused is subject to this state's jurisdiction. Johns v. Bowlen, 942 S.W.2d 544, 547 (Tenn. Crim. App. 1996). There is nothing that "shocks the conscience" in this case. Thus, the fact that petitioner may have been brought to Tennessee for trial, after Oklahoma's violation of procedures proscribed by the Interstate Compact on Detainers Act, does not invalidate his Tennessee convictions and sentences.

Once the petitioner was transferred to Tennessee, he was given a trial incumbent with all the constitutional protections required under the federal and state constitutions. Furthermore, petitioner was given a full and fair opportunity to challenge any alleged errors in his convictions and sentences in the Tennessee courts on direct appellate review, and this court concluded both petitioner's convictions and sentences were proper. Caffey, 729 S.W.2d at 267. Thus, regardless of any impropriety of petitioner's transfer from Oklahoma to Tennessee, the Tennessee convictions and sentences are not void.

### B. Due Process and Equitable Estoppel

3

Petitioner argues he is entitled to relief on due process grounds due to the inordinate four-year delay by Tennessee authorities in seeking extradition and enforcement of the Tennessee judgments. He further argues that due to its inaction, the State of Tennessee is estopped from enforcing its judgments against him.

This court has recognized that due process might prevent reincarceration when it would be "fundamentally unfair" due to the government's actions. State v. Chapman, 977 S.W.2d 122, 126 (Tenn. Crim. App. 1997). In order to conclude there is a due process violation, however, it must appear that the state's actions were so "affirmatively improper or grossly negligent that it would be unequivocally inconsistent with 'fundamental principles of liberty and justice' to require a legal sentence to be served in the aftermath." *Id.* (citing Green v. Christiansen, 732 F.2d 1397, 1399 (9th Cir. 1984)); *see also* State v. Walker, 905 S.W.2d 554, 555-56 (Tenn. 1995). Furthermore, there must be no fault by the petitioner; there must be more than simple negligence by the state; and the petitioner's reincarceration must be "unequivocally inconsistent with 'fundamental principles of liberty and justice.'" Chapman, 977 S.W.2d at 126 (citing United States v. Merritt, 478 F.Supp 804, 807 (D.D.C. 1979)).

We conclude that petitioner's allegations do not support a due process violation. The petitioner was released on parole from his Oklahoma convictions. Although the "exit" detainer had been dissolved, petitioner had no reason to think his two consecutive life sentences in Tennessee vanished. Nor is there any allegation indicating gross negligence by the State of Tennessee. Thus, we cannot conclude that requiring petitioner to serve his Tennessee sentences would be fundamentally unfair or inconsistent with liberty and justice.

Next petitioner argues that, even if there is no due process violation, justice and fair play estop Tennessee from requiring him to serve his sentences. There are four elements to estoppel:

> (1) the party to be estopped must know the facts; (2) he must intend that the conduct shall be acted upon or must act so that the party asserting the estoppel has a right to believe it is so intended; (3) the party asserting the estoppel must be ignorant of the facts; and (4) that party must rely on the former's conduct to his injury.

Chapman, 977 S.W.2d at 126 (citing Green, 732 F.2d at 1399). Estoppel, like due process, is based upon "fundamental fairness." *Id.*

For the same reasons we find no due process violation, we also conclude estoppel is not warranted. Furthermore, in its adoption of the Uniform Criminal Extradition Act, Tennessee specifically provides that nothing in those statutes

> shall be deemed to constitute a waiver by this state of its rights, power or privilege... to regain custody of such person by extradition proceedings or otherwise for the purpose of trial, sentence or punishment for any crime committed within this state, nor shall any proceedings had under this chapter which result in, or fail to result in, extradition be deemed a waiver by this state of any of its rights, privileges or

4

jurisdiction in any way whatsoever.

Tenn. Code Ann. § 40-9-130(a).

We cannot conclude that the state has manifested an intent to abandon its rights to extradition and incarceration of petitioner. Therefore, even though petitioner asserts he relied on the state's inaction in concluding he would not be held to answer for his Tennessee convictions, we conclude any such misconception was not reasonable or justifiable and is not sufficient to invoke the doctrine of estoppel.

## C. Credit for Time at Liberty Doctrine

Though not specifically raised by petitioner, we will briefly address the doctrine of "credit for time at liberty." *See* Walker, 905 S.W.2d at 556; Chapman, 977 S.W.2d. at 126-27. This doctrine has been invoked where one has been incarcerated under a criminal judgment but erroneously released through no fault of his own. Walker, 905 S.W.2d at 556. Under the doctrine, the prisoner's sentence continues to run while he is at liberty. Chapman, 977 S.W.2d at 126. However, the doctrine of credit for time at liberty does not exist in Tennessee. *Id*. at 127.

## D. Summary Dismissal

Finally, the petitioner claims the Wayne County trial court improperly dismissed his habeas corpus petition without a hearing. A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. State v. Ritchie, ___S.W.3d___, ___ (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). There is no requirement that a trial court afford an evidentiary hearing to a habeas corpus petitioner challenging extradition, when the facts alleged in the petition, even if true, would not serve as a basis for relief. Tenn. Code Ann. § 29-21-109; De La Beckwith v. Evatt, 819 S.W.2d 453, 458 (Tenn. Crim. App. 1991).

We conclude that petitioner's allegations, even if true, do not entitled him to relief. Thus, the trial court did not err in summarily dismissing the petition.

## CONCLUSION

We conclude (1) the petitioner's convictions and sentences are proper; (2) Tennessee's extradition and incarceration of petitioner does not violate due process; (3) petitioner is not entitled

to relief under a theory of equitable estoppel; and (4) the trial court properly issued an order summarily dismissing the petition.  Thus, we affirm the judgment of the trial court.


_____

L. TERRY  LAFFERTY, SENIOR JUDGE