# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 23, 2008

## STATE OF TENNESSEE v. CHRISTOPHER BRIAN KNIGHT

**Appeal from the Circuit Court for Jefferson County**
**No. 8220          O'Duane Slone, Judge**

---

**No. E2007-01456-CCA-R3-CD Filed February 9, 2009**

---

JOSEPH M. TIPTON, P.J., dissenting.

I respectfully dissent from the majority opinion's conclusion that the defendant was not entitled to a mistrial after Jimmy Calloway testified in rebuttal that the defendant said he did not want to "go back to prison for six more years." A criminal defendant is entitled to impartial and unbiased jurors who are not influenced by inadmissible and prejudicial information such as the defendant's being convicted of another crime. See State v. Claybrook, 736 S.W.2d 95, 100 (Tenn. 1987).

In State v. Caffey, 729 S.W.2d 266 (Tenn. Crim. App. 1986), the defendant complained that the trial court dismissed a sitting juror who had overheard that the defendant was serving a lengthy prison sentence. The defendant contended that the opportunity to rehabilitate the juror should have been provided. This court disagreed and noted that such an opportunity is not provided by our criminal rules when the disclosure is of inadmissible matters so prejudicial as to create a substantial risk that the juror's judgment would be affected. Id. at 269; see Tenn. R. Crim. P. 24(c)(2). This court noted the prejudice caused by evidence of a defendant's criminal history and affirmed the trial court's removal of the juror because it determined the "information was extremely prejudicial and not freely admissible at trial." Id. at 269.

The evidence against the defendant in this case is definitely not overwhelming and largely depends upon an eyewitness identification based upon a viewing for a matter of seconds. Under these circumstances, I would conclude that the jury's knowledge of a defendant having served time in prison was prejudicial and more probably than not affected the verdict.

I concur with the majority opinion's reasoning and resolution of the other issues. However, I would reverse the conviction and remand the case for a new trial.

---

JOSEPH M. TIPTON, PRESIDING JUDGE