NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUSTAVO COLIN LOPEZ, | No. 18-16503 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-01092-KJM-KJN |
| v. | |
| J. SALAZAR, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted November 18, 2019[**]

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Federal prisoner Gustavo Colin Lopez appeals pro se from the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Lane v. Swain*, 910 F.3d 1293, 1295 (9th Cir. 2018), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lopez contends that his return to federal custody violates his due process rights because the government has waived and is estopped from executing his 180-month sentence. The totality of the circumstances does not support relief under either waiver or estoppel. *See United States v. Martinez*, 837 F.2d 861, 864 (9th Cir. 1988). The government did not waive the right to enforce Lopez's sentence because its actions were not "so affirmatively improper or grossly negligent that it would be unequivocally inconsistent with fundamental principles of liberty and justice" to require Lopez to serve his sentence. *See also Green v. Christiansen*, 732 F.2d 1397, 1399 (9th Cir. 1984) (internal quotation marks omitted) (failure to lodge a detainer is a ministerial mistake that does not constitute waiver). Nor is the government estopped from enforcing the sentence: Lopez was aware of the undischarged sentence, and the government neither intended to excuse the sentence nor so misled Lopez that he had a right to believe that the government intended to excuse the sentence. *See id*.

We do not consider Lopez's argument that his right to counsel was violated because it was raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

2                                                                                           18-16503