WHITE, Warden, v. PEARLMAN.
No. 194.

Circuit Court of Appeals, Tenth Circuit.
Sept. 4, 1930

Donald Little, Asst. U. S. Atty., of Kansas City, Kan. (Sardius Mason Brewster, U. S. Atty., L. E. Wyman and Dan B. Cowie, Asst. U. S. Attys., all of Topeka, Kan., on the brief), for appellant.

Lee Bond, of Leavenworth, Kan., for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

The warden of the United States Penitentiary appeals from an order granting a writ of habeas corpus. It appears that on March 17, 1925, the United States District Court for the Northern District of California sentenced appellee to a term of five years' imprisonment. The Texas state penitentiary was designated for his confinement. On June 5, 1926, the warden advised the prisoner that his term would expire on July 5, 1926, and asked him to what point he wanted transportation. The prisoner told the warden there was some mistake, that his sentence was for five years. The warden told him that the records showed three years, and he was going to abide by the records. Accordingly the prisoner was "dressed out," paid up, given a discharge, and furnished with transportation. He re-established his home, and more than two years later was advised that he was wanted. He voluntarily returned to Texas, and the authorities then committed him to Leavenworth to serve the rest of his sentence. He remained there until his five-year term, less the statutory allowance for good behavior to which his prison record entitled him, had more than elapsed, if his sentence was running during the time he was out. He then applied for this writ.

There is no doubt of the power of the government to recommit a prisoner who is released or discharged by mistake, where his sentence would not have expired if he had remained in confinement. Leonard v. Rodda, 5 App. D. C. 256. Nor can there be any doubt that an escaped prisoner cannot be credited with the time he is at large. Dolan's Case, 101 Mass. 219; Petition of Moebus, 73 N. H. 350, 62 A. 170. A prisoner on parole, who violates the conditions of the parole, is in legal effect an escape, and is not entitled to deduction for the time he was on parole. Anderson v. Corall, 263 U. S. 193, 44 S. Ct. 43, 68 L. Ed. 247; Drinkall v. Spiegel, 68 Conn. 441, 36 A. 830, 36 L. R. A. 486.

There is language in some of the opinions in the above cases which, taken from its setting, supports the position of the warden that no matter what the circumstances a prisoner must serve his time, unless pardoned or legally discharged. But opinions must be read against the background of the facts; and the facts in none of the cited cases reach the case at bar. We have here a case where the prisoner was released without fault on his part; he cannot fairly be considered as an escape or a parole violator. Furthermore, he called attention to the mistake being made and was brushed aside. He was, in substance, ejected from the penitentiary.

A prisoner has some rights. A sentence of five years means a continuous sentence, unless interrupted by escape, violation of parole, or some fault of the prisoner, and he cannot be required to serve it in installments. Certainly a prisoner should have his chance to re-establish himself and live down his past. Yet, under the strict rule contended for by the warden, a prisoner sentenced to five years might be released in a year; picked up a year later to serve three months, and so on ad libitum, with the result that he is left without even a hope of beating his way back. It is our conclusion that where a prisoner is discharged from a penal institution, without any contributing fault on his part, and without violation of conditions of parole, that his sentence continues to run while he is at liberty. As tending to support this conclusion, see Ex parte Eley, 9 Okl. Cr. 76, 130 P. 821; In re Jennings (C. C. Mo.) 118 F. 479, opinion by Circuit Judge Thayer; In re Strickler, 51 Kan. 700, 33 P. 620. As to whether a prisoner, who knows a mistake is being made and says nothing, is at fault, we do not now consider.

The order appealed from is affirmed.