**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 5 1997**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

BARTON LEE MURPHY,

      Petitioner - Appellant,

v.

WILLIAM A. PERRILL, Warden, FCI
Englewood, individually and in his
official capacity,

      Respondent - Appellee.

No. 96-1389

D. Colorado

(D.C. No. 96-S-277)

### ORDER AND JUDGMENT[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Barton Lee Murphy appeals the district court's denial of his pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends that the court erred in finding that he is not entitled to credit for the time he was an escapee from federal prison. Murphy also contends that he should have been granted an evidentiary hearing.[1] We affirm.

Murphy is currently incarcerated at the Federal Corrections Institution at Englewood in Littleton, Colorado. In 1991 he was convicted of various federal drug crimes and sentenced to ten years' imprisonment. On December 5, 1992, Murphy escaped from the Federal Prison Camp in La Tuna, Texas. On January 23, 1993, Fort Lauderdale, Florida police arrested Murphy on charges related to obtaining false identity documents. As recounted in his brief, Murphy "gave his name as 'Murphy,' and that he was born in 'Hillsboro, Oregon.' Mr. Murphy offered no other information . . . and from this point on, he remained silent." Appellant's Br. at 3-4. However, Murphy concedes that when he "was arrested and taken into official custody by the State of Florida, he was

---

[1] Additionally Murphy has filed two motions which we deny. The first motion requests leave to adduce additional evidence. We do not consider evidence which was not before the district court. John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994). The second motion concerns the depletion of his prison account to pay filing costs for his various suits. He seeks an order that his mother be allowed to send money to his commissary account specifically for him to call her at home. Since Murphy did not raise the issue below, we do not consider it. Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

identified through his I.D. Card as Cletis Murphy, his deceased brother," and he admits that he continued to use his brother's name while he remained in state custody. Id. at 4.

Because of a discrepancy between the birth date listed on the Cletis I.D. card and Murphy's stated age, the arresting officer ordered an FBI fingerprint check. Id.; R. Vol. I, Tab 21, Ex. F. Apparently the fingerprint check returned without any outstanding "wants or warrants."[2] Appellant's Br. at 5. Thereafter, still using the name "Cletis Murphy," Murphy pled guilty to the state charges on February 23, 1993, and he was sentenced to an eighteen month term of probation and released. Id. at 5-6; R. Vol. I, Tab 21, Ex. H. On October 20, 1994, federal marshals arrested Murphy in Houston, Texas.

Murphy now contends that he should be given credit for the 574 days during which he was "erroneously released from official custody by the State of Florida, until his subsequent arrest by the U.S. Marshals." Appellant's Br. at 6.

We review the district court's denial of Murphy's habeas corpus petition de novo. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). We have reviewed the record and have fully considered Murphy's contentions. Inasmuch as the material facts are undisputed, and Murphy's claims can be resolved as a matter of law, an evidentiary hearing is not required. See Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993).

---

[2]Defendants dispute Murphy's contention that the fingerprint check was returned before Murphy was released. For purposes of our review, we accept Murphy's statement as true.

As the magistrate judge correctly noted, "an escaped prisoner cannot be credited with the time he is at large." R. Vol. 1, Tab 27 at 3 (citing White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930)). A prisoner is not entitled to credit for time he is at liberty unless he is erroneously discharged "without any contributing fault on his part." White, 42 F.2d at 789. In this case, Murphy escaped. Thereafter, his use of an alias constituted contributing fault in his erroneous release from custody in Florida.

For substantially the same reasons stated in the magistrate judge's report which the district court adopted, we AFFIRM the denial of the petition.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge