FILED
United States Court of Appeals
Tenth Circuit

November 16, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BENITO JEROME BOWIE, a/k/a Benito
D. Bowie,

      Petitioner–Appellant,

v.

ERIC FRANKLIN, Warden,

      Respondent–Appellee.

No. 12-6213
(D.C. No. 5:12-CV-00794-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

      Benito Bowie, a state prisoner appearing pro se, seeks a certificate of appealability

---

      * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

("COA") to appeal the denial of his habeas petition. Although we agree with the district court that Bowie failed to exhaust available state remedies, we conclude that the record is ambiguous as to whether Bowie has asserted a potentially meritorious claim. Exercising jurisdiction under 28 U.S.C. § 1291, we grant a COA, reverse, and remand to allow the district court to dismiss without prejudice.

**I**

According to Bowie's petition, he was convicted of first degree murder in Oklahoma state court in case number CRF-87-6621, and sentenced to death. He claims that he began serving this sentence on August 30, 1988. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction, but reversed his sentence and remanded for resentencing. See Bowie v. State, 906 P.2d 759, 765 (Okla. Crim. App. 1995). Bowie alleges that he was "rebilled" on January 30, 1996 and began serving a different life sentence, imposed in case number CRF-86-2004, on that date.

At resentencing in case CRF-87-6621, Bowie was sentenced to life imprisonment and ordered to serve that sentence consecutive to the life sentence in CRF-86-2004. Bowie was paroled in the latter case, effective January 6, 2011, and began serving his life sentence in CRF-87-6621 as of that date. Bowie claims that he has not been credited for the seven years and five months he served on death row in case CRF-87-6621, but has been ordered to serve a life sentence in that case "anew."

Bowie filed an application for post-conviction relief in state court on January 3,

2012. Because Bowie's application complained of errors in the execution of his sentence rather than the validity of his conviction, the trial court determined that Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1080 et seq., was not the proper vehicle for his challenge. The OCCA affirmed that ruling.

In July 2012, Bowie filed a federal habeas petition captioned as a 28 U.S.C. § 2254 petition. He argued that Oklahoma violated the Due Process Clause by requiring that he serve his sentence in installments and the Double Jeopardy Clause by failing to credit time served on death row in case CRF-87-6621. Because Bowie attacks the execution of his sentence, the district court treated his filing as a § 2241 petition. A magistrate judge recommended that the petition be denied. The magistrate judge concluded that Bowie failed to exhaust administrative remedies and that his due process claim failed because Bowie had been sentenced in case CRF-86-2004 before he was sentenced in case CRF-87-6621. Following objections from Bowie, the district court adopted the report and recommendation and denied the petition. Bowie now seeks to appeal.

**II**

A § 2241 petitioner in state custody must obtain a COA to appeal the district court's denial of relief. See Montez v. McKinna, 208 F.3d 862, 868-69 (10th Cir. 2002). A petitioner may obtain a COA only by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because Bowie is proceeding pro se, we construe his filings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

**A**

Bowie is correct that a sentence generally must be served continuously rather than in installments. See White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930) ("A sentence of five years means a continuous sentence, unless interrupted by escape, violation of parole, or some fault of the prisoner, and he cannot be required to serve it in installments."); see also Weekes v. Fleming, 301 F.3d 1175, 1180 (10th Cir. 2002) (same).

The magistrate report does not grapple with the application of this doctrine because it concludes that Bowie's date of sentencing defeats his claims. The report acknowledges Bowie's allegation that he began serving his sentence in case CRF-87-6621 in 1988, only to be rebilled in January 1996 to the sentence in case CRF-86-2004. However, it summarily rejects Bowie's claims because Bowie was convicted and sentenced in the latter case before the former.

In his objection to the magistrate report, Bowie pointed out that the date of sentence is not dispositive. Under Oklahoma law:

When any person is convicted of two or more crimes in the same

-4-

proceeding or court or in different proceedings or courts, and the judgment and sentence for each conviction arrives at a state penal institution on different dates, the sentence which is first received at the institution shall commence and be followed by those sentences which are subsequently received at the institution, in the order in which they are received by the institution, regardless of the order in which the judgments and sentences were rendered by the respective courts . . . .

Okla. Stat. tit. 21, § 61.1. The district court did not address this argument in its order adopting the report and recommendation. Although the court was free to take judicial notice of filings in related cases, see St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979), nothing in the record or in the material cited by the report and recommendation indicates which of Bowie's sentences arrived at a state penal institution first. We thus cannot affirm the district court's rationale; in screening a habeas petition pursuant to the Rules Governing § 2254 Cases (applicable to this matter under Rule 1(b)), a pre-response dismissal is appropriate only if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." R. Governing § 2254 Cases 4.

Similarly, neither the report and recommendation nor the district court order considers Bowie's assertion that the state failed to credit him for time served in case CRF-87-6621 prior to his resentencing. The Double Jeopardy Clause "protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled in part by Alabama v. Smith, 490 U.S. 794 (1989). This "constitutional guarantee against multiple punishments for the same offense absolutely requires that

-5-

punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." Id. at 718-19.  The Court has further held that "the same principle obviously holds true whenever punishment already endured is not fully subtracted from any new sentence imposed" for the same offense.  Id. at 718.

We cannot affirm the district court's conclusion that the date of sentencing for Bowie's respective convictions barred his claims, and thus grant a COA on that issue. However, we need not determine whether Bowie has stated a potentially meritorious claim for relief.  Given our agreement with the district court that Bowie has not exhausted available remedies, judicial economy concerns counsel against further elaboration of the merits.

**B**

Although the statute itself is silent on the issue, we require that a § 2241 petitioner exhaust available administrative remedies.  See Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010).  Bowie filed an application for post-conviction relief in state court, but as the state trial court noted, he failed to exhaust administrative procedures within the Oklahoma Department of Corrections ("ODOC").  The district court below adopted the report and recommendation's conclusion that Bowie failed to exhaust available remedies.

On appeal, Bowie argues that he was not required to exhaust administrative remedies.  He cites two cases for this proposition, neither of which is relevant.  In Warnick v. Booher, 425 F.3d 842 (10th Cir. 2005), we noted a district court's conclusion

that state court remedies were not available in recounting the procedural history of a habeas petition, but did not address exhaustion in our opinion.  Id. at 845.  And in Green v. Christiansen, 732 F.2d 1397 (9th Cir. 1984), the Ninth Circuit held that exhaustion was not required of a habeas petitioner asserting a continuous sentence claim.  Id. at 1400.  However, this holding was based on the fact that the petitioner "was not under federal parole supervision at any time" and thus "the Parole Commission had no authority to grant credit for time [the petitioner] spent in the community."  Id. at 1401.  Because Bowie is in custody, he must avail himself of ODOC grievance procedures to resolve his claims.

### III

We **GRANT** a COA, **REVERSE** the district court's denial of Bowie's habeas claims with prejudice, and **REMAND** with instructions to dismiss the petition without prejudice.

Entered for the Court


Carlos F. Lucero
Circuit Judge