FILED
United States Court of Appeals
Tenth Circuit

September 9, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BENITO JEROME BOWIE, a/k/a
Benito D. Bowie,

        Petitioner - Appellant,

v.

ERIC FRANKLIN, Warden,

        Respondent - Appellee.

No. 13-6055
(D.C. No. 5:12-CV-00794-R)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Proceeding pro se,[1] Oklahoma state prisoner Benito Jerome Bowie seeks a

certificate of appealability ("COA") to challenge the district court's decision not

to reopen his habeas proceeding. We **deny** Mr. Bowie's request for a COA and

**dismiss** this matter.

---

     [*]     This order is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

     [1]     Because Mr. Bowie is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v.
Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

**I**

In 1987, in case CRF-86-2004, Mr. Bowie was convicted of murder and sentenced to life in prison.  The next year, in case CRF-87-6621, he was convicted of a different murder and sentenced to death.  After Mr. Bowie appealed the latter conviction, the Oklahoma Court of Criminal Appeals upheld the conviction but reversed and remanded for resentencing.  On remand, Mr. Bowie was sentenced to life imprisonment in CRF-87-6621.  He was later paroled in CRF-86-2004 and is still serving his sentence in CRF-87-6621.

In 2012, Mr. Bowie filed a petition for habeas corpus in federal district court.[2]  He argued that his due process rights were violated when he was forced to serve his sentence "in installments," R. at 8 (Pet. for Writ of Habeas Corpus, filed July 18, 2012), and his right against double jeopardy was violated when he was not credited time served for the period he spent on death row.  The district court denied the petition on the merits.

Mr. Bowie then sought a COA here.  We found the record ambiguous on whether Mr. Bowie had a potentially meritorious claim and consequently granted a COA, reversed, and remanded to the district court with instructions to dismiss

---

[2]     Mr. Bowie filed his petition under 28 U.S.C. § 2254, but the district court construed it as filed pursuant to 28 U.S.C. § 2241.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (explaining that § 2254 is the proper vehicle for a challenge to the validity of a conviction and sentence whereas § 2241 is the proper vehicle for "an attack on the execution of [a] sentence").  Mr. Bowie does not question the propriety of this construction before us.

the petition without prejudice so that Mr. Bowie could exhaust his state remedies. *Bowie v. Franklin*, 502 F. App'x 740, 744 (10th Cir. 2012); *see Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (discussing the exhaustion requirement). Upon remand, the district court dismissed the petition without prejudice in accordance with our instructions. Less than a month later, Mr. Bowie filed a document with the district court indicating that he had exhausted his administrative remedies with respect to his due process and double jeopardy claims. In light of that exhaustion, he asked the district court to order the state authorities to run his sentences concurrently and to give him credit for his time served. The district court responded with an order in which it noted that Mr. Bowie was "entitled to refile his claims in a new action in order to pursue those claims," but that the court's "prior order . . . did not anticipate reopening of the action." R. at 88 (Order, filed Feb. 27, 2013). As a result, the district court "decline[d] [Mr. Bowie's] invitation . . . to reopen [the] action." *Id.*

## II

Dissatisfied with the district court's order, Mr. Bowie now turns to our court for a COA.

### A

A petitioner challenging the denial of a motion to reopen his habeas

proceeding must have a COA to appeal.[3] *Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted); *accord Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to reopen] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Harris*, 642 F.3d at 906 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**B**

In his application for a COA, Mr. Bowie explains why he believes he exhausted his state administrative remedies and reiterates his views on the merits

---

[3]     In his application for a COA, Mr. Bowie notes, as his first issue, that we granted him a COA earlier. To the extent Mr. Bowie is suggesting that the COA we previously granted entitles him to review on the merits now, he is incorrect. A COA allows a petitioner to appeal only the specific issues on which the COA is granted. *See* 28 U.S.C. § 2253(c)(3) (providing that a COA "shall indicate which *specific issue or issues* satisfy the showing required by" the statute) (emphasis added); *see also Thomas v. Gibson*, 218 F.3d 1213, 1219 n.1 (10th Cir. 2000) (expressing disapproval for "'blanket' COAs"). On Mr. Bowie's previous application for a COA, we granted him one in order to reverse the district court's earlier denial of Mr. Bowie's petition on the merits and to allow Mr. Bowie to exhaust his state remedies. *Bowie*, 502 F. App'x at 744. That COA does not authorize Mr. Bowie to argue the merits of his habeas claim to us now, for which he needs a new COA.

of his due process and double jeopardy claims. These arguments, though, have no bearing on the order Mr. Bowie seeks to challenge, i.e., the order denying Mr. Bowie's motion to reopen his habeas proceeding. In that order, the district court did not rule that Mr. Bowie failed to exhaust his state remedies, nor did it deny Mr. Bowie's petition on the merits. Rather, it simply declined to reopen the action. In so doing, it observed that Mr. Bowie is "entitled to refile his claims in a new action in order to pursue [his] claims." R. at 88. Because Mr. Bowie fails to raise any arguments against the district court order under review, he does not satisfy his COA burden, and we decline to issue one.

Though "[w]e cannot make arguments for [a litigant]," *United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011), *cert. denied*, --- U.S. ----, 132 S. Ct. 1969 (2012), we note that the district court clearly took the position that Mr. Bowie's proper course of action was to file a new petition for habeas corpus relief, instead of reopening his old one. If Mr. Bowie opts to take that path, he can of course state his claims for relief in his petition and demonstrate how he exhausted his state remedies. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (noting that a habeas "petitioner bears the burden of demonstrating that he has exhausted his available state remedies" (quoting *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994)) (internal quotation marks omitted)). And as with any such petition, he can seek a COA from us if the district court declines to grant him habeas relief.

## III

Accordingly, we **deny** Mr. Bowie's request for a COA and **dismiss** this matter.

Entered for the Court

JEROME A. HOLMES
Circuit Judge