FILED
United States Court of Appeals
Tenth Circuit

April 10, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BENITO JEROME BOWIE,

  Petitioner - Appellant,

v.

ERIC FRANKLIN, Warden,

  Respondent - Appellee.

No. 14-6022

W.D. Oklahoma

(D.C. No. 5:13-CV-01023-R)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Petitioner and appellant, Benito Jerome Bowie, an Oklahoma state prisoner

proceeding *pro se*, seeks a certificate of appealability ("COA") in order to appeal

the district court's denial of his petition under 28 U.S.C. § 2241. Having

concluded that he fails to meet the standards for issuance of a COA, we deny Mr.

Bowie's request for a COA and dismiss this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

Mr. Bowie is currently incarcerated in the Lexington Correctional Center in Lexington, Oklahoma. He was originally sent to Lexington on August 30, 1988, to serve a death sentence in Oklahoma County Case No. CRF-87-6621, and to serve a life sentence in Oklahoma County Case No. CRF-86-2004.

On January 12, 1995, the death sentence in CRF-87-6621 was reversed and remanded for a new trial. Accordingly, the time served prior to the reversal, which included 2,709 days in the custody of the Department of Corrections and 113 days served in jail, was applied to Mr. Bowie's life sentence in CRF-86-2004.

On December 31, 1997, Mr. Bowie was resentenced in CRF-87-6621 to life imprisonment. He did not file any action for habeas corpus relief in any state court in Oklahoma.

In 2012, Mr. Bowie initially sought § 2241 relief, claiming that the state of Oklahoma had violated his due process rights by requiring him to serve his state court sentence in CRF-87-6621 (the life sentence imposed, following his overturned death sentence, for first degree murder) in installments, and had also violated the double jeopardy clause by failing to credit him for time served on death row in that case. The district court denied the § 2241 petition. On appeal, this court granted a COA, reversed the district court's decision, and remanded the matter with instructions to dismiss the petition without prejudice to allow Mr. Bowie to exhaust Oklahoma Department of Corrections grievance procedures

relating to his claims. Bowie v. Franklin, 502 F. Appx. 740 (10th Cir. 2012) (unpublished). On remand, the district court entered an order and amended judgment dismissing Mr. Bowie's petition without prejudice.

In September 2013, Mr. Bowie filed a new § 2241 petition (the instant petition) raising essentially the same claims for relief. On November 21, 2013, the magistrate judge to whom the matter had been referred issued a Report and Recommendation, concluding that Mr. Bowie had exhausted his available state remedies, but recommending that the petition be denied because his claims did not entitle him to relief. The district court conducted a de novo review, adopted the Report and Recommendation, and issued an order denying the habeas petition. The district court then denied Mr. Bowie a COA. Mr. Bowie accordingly seeks a COA to enable him to pursue an appeal.

**DISCUSSION**

A state prisoner must obtain a COA before pursuing a habeas petition. Allen v. Zavaras, 568 F.3d 1197, 1199 (10th Cir. 2009); 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which is accomplished when an applicant shows "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). An applicant

denied habeas relief on procedural grounds "must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" Coppage v. McKune, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting Slack, 529 U.S. at 484).

Mr. Bowie asks that his sentence in CRF-87-6621 run concurrent with his sentence in CRF-86-2004, pursuant to White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930). He claims, further, that he did not receive credit for the seven years and five months he spent on death row, which he asserts is a violation of North Carolina v. Pearce, 395 U.S. 711, 717 (1969). Mr. Bowie also alleges that he is being forced to serve his sentence in case CRF-87-6621 in installments, in violation of White.

The Respondent Warden first argued that Mr. Bowie has failed to exhaust his available state judicial remedies, and the petition should therefore be dismissed. As the district court observed, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Report at 4 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).[1] "A narrow exception to the exhaustion requirement applies if a

---

[1]The district court and magistrate judge further noted that, although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, nonetheless,

(continued...)

petitioner can demonstrate that exhaustion is futile." Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010).

For substantially the reasons stated in the magistrate judge's report and recommendation and adopted by the district court, we agree that Mr. Bowie has exhausted available remedies concerning the claims asserted in his petition. Respondent has not filed a brief in this matter, and therefore no countervailing argument has been presented.

Mr. Bowie's remaining argument concerns the merits of the issue of serving sentences in "installments" and the propriety of credit awarded for time served. As the magistrate judge observed, "[i]n order to address the merits of Petitioner's claims, the convoluted history of his two life sentences for murder convictions must be considered." Report at 6 (footnote omitted).[2] We take that history from the district court's order, which succinctly described it as follows:

> Petitioner was convicted of first-degree murder on January 30, 1987, in the District Court of Oklahoma County, Case No. CRF-86-2004, and he was sentenced to life imprisonment for this conviction. Petitioner was not immediately transferred into the custody of the Oklahoma Department of Corrections (ODOC), however, due to a second pending murder charge. Petitioner was convicted of first-

[1](...continued)
exhaustion of available state remedies is required for petitions brought under § 2241. See Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010); Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005).

[2]In the omitted footnote, the magistrate judge noted that any defense relating to the statute of limitations was considered waived, inasmuch as the Respondent did not raise it.

degree murder on this second charge on May 10, 1988, in the District Court of Oklahoma County Case No. CRF-87-6621, and he was sentenced to death for this conviction.

Following his second conviction, Petitioner was transferred into ODOC custody to begin serving his sentence. In 1991, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's conviction and life sentence in CRF-86-2004. And in 1995, the OCCA affirmed Petitioner's second conviction in CRF-87-6621, but reversed his death sentence and remanded the case for a new sentencing trial.

After the OCCA reversed Petitioner's death sentence in CRF-87-6621, credit for the 2,709 days he had served on death row was applied to his consecutive life sentence in CRF-86-2004. On resentencing in CRF-87-6621, Petitioner received a sentence of life imprisonment, and it was to be served consecutively to his life sentence in CRF-86-2004. Then in January 2011, Petitioner was paroled from his life sentence in CRF-86-2004, and he began serving his newly-received life sentence in CRF-87-6621. Because the 2,709 days he had served on death row were previously credited to his life sentence in CRF-86-2004, Petitioner did not receive any credit for time served in CRF-87-6621 at this time.

Order at 1-2 (citations omitted).

We stated previously (in Mr. Bowie's earlier case before this court) that he "is correct that a sentence generally must be served continuously rather than in installments." Bowie, 502 Fed. Appx. at 742 (citing White, 42 F.2d at 789). Mr. Bowie's imprisonment did occur in installments because, as the district court explained, he was committed to ODOC custody under his death sentence (Case No. CRF-87-6621) until his sentence was overturned in his direct appeal and he was returned to state custody for resentencing. His sentence was not interrupted, however, "because the ODOC applied the time he spent in prison on his

-6-

invalidated capital sentence toward his sentence of life imprisonment for his

consecutive murder conviction." Report at 8.

> Applicable Oklahoma state law provides that where:
>
> a prisoner serving consecutive sentences on several convictions succeeds in having one of the sentences invalidated after it has been fully or partially served . . . the state must credit the sentences remaining to be served on the valid convictions with the time served under the voided conviction . . . [A]ll that [is] involved [is] an adjustment of the administrative records of the prison authorities so that service on the remaining valid sentences would commence at an earlier date.

Report at 9 (quoting Floyd v. State, 540 P.2d 1195, 1197 (Okla. Crim. App.

1975)). Thus, the Report determined that the ODOC simply followed this

interpretation of Oklahoma law "when it credited his time served under his death

sentence, upon its invalidation, to his consecutive murder conviction (and life

sentence), and thus treated his consecutive murder conviction as if it began when

he was transferred to ODOC custody." Report at 9.[3]

---

[3]Mr. Bowie relies heavily on White for his argument that the ODOC violated his due process rights by requiring him to serve his life sentence in CRF-87-6621 in installments. As both the magistrate judge and the district court found, White is distinguishable from this case. In White, we considered the habeas petition of a prisoner who, through no fault of his own, was released from prison two years before his sentence expired. After more than two years had passed following his erroneous release, the prisoner/petitioner was recommitted to serve the remainder of his sentence. We stated that, "[a] sentence of five years means a continuous sentence, unless interrupted by escape, violation of parole, or some fault of the prisoner, and he cannot be required to serve it in installments." White, 42 F.2d at 789. We thus held that, "where a prisoner is discharged from a penal institution, without any contributing fault on his part, and without violations of conditions of parole, . . . his sentence continues to run while he is at liberty."

(continued...)

In any event, Mr. Bowie has, at most, alleged an error of state law, which does not amount to a constitutional deprivation. As such, it is not cognizable in a federal habeas proceeding. See Handley v. Page, 398 F.2d 351, 352 (10th Cir. 1968) (holding that the question of whether a petitioner was serving concurrent or consecutive sentence was an issue of state law, not a federal issue cognizable in habeas); Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). Finally, Mr. Bowie "has not stated a cognizable double jeopardy claim because the government can 'reclassify certain days of imprisonment as belonging to one consecutive sentence rather than another' without violating double jeopardy guarantees." Report at 10 (quoting Warnick v. Booher, 425 F.3d 842, 848 (10th Cir. 2005)).

Having thoroughly discussed the parties' arguments, the magistrate judge concluded by noting that Mr. Bowie "was never discharged from confinement because he had a consecutive sentence of life imprisonment, and the ODOC simply complied with Oklahoma law by crediting the time he spent on his invalidated death sentence to his consecutive life sentence." Report at 11. The magistrate judge accordingly recommended denial of the § 2241 petition.

---

[3](...continued)
Id. Here, by contrast, Mr. Bowie was never erroneously released from ODOC custody. Rather, his death sentence in CRF-87-6621 was reversed, and the time he spent on death row was subsequently credited to his consecutive life sentence in CRF-86-2004.

Mr. Bowie filed objections to the Report and Recommendation. The district court reviewed them and conducted a de novo review of the entire case and record. In its own careful and thorough order, the district court adopted the Report and Recommendation and also explained why Mr. Bowie's arguments and authorities were inapplicable and unavailing. We agree with its analysis and conclude that, for substantially the reasons stated in the district court's order and the Report it adopted, Mr. Bowie is not entitled to a COA. Jurists of reason could not find it debatable whether the district court correctly resolved this case.

## CONCLUSION

For the foregoing reasons, we DENY Mr. Bowie a COA and DISMISS this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge